# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | ID No. 1509015469 |
| | : | In and for Kent County |
| | : | |
| v. | : | |
| | : | |
| SCOTT SECREST | : | |
| | : | |
| Defendant. | : | |
| | : | |

Submitted: September 12, 2016
Decided: October 3, 2016

## **ORDER**

On this 3rd day of October 2016, having considered Defendant Scott Secrest's (hereinafter "Defendant's") Motions to Suppress, and the State's response, it appears that:

1. The State charged Defendant with (1) Unlawfully Obtaining Possession of a Controlled Substance in violation of 16 *Del. C.* § 4756(a)(3), (2) Conspiracy Second Degree in violation of 11 *Del. C.* § 512, and (3) Providing a False Statement in violation of 11 *Del. C.* § 1245A.

2. During the course of the State's investigation of these alleged crimes, the Justice of the Peace Court issued two search warrants for client/patient lists maintained by Kent Sussex Counseling Services in an effort to determine whether certain individuals were patients of that facility. Furthermore, the State requested information

from Delaware's Office of Controlled Substances' Prescription Monitoring Program (hereinafter "PMP") pursuant to 16 *Del. C.* § 4798(l)(2)d. The PMP is a system that accumulates controlled substance prescription information state-wide, through mandatory reporting from pharmacies. The purpose for the warrants and separate requests for PMP data was to further an investigation regarding whether Defendant and others fraudulently obtained controlled substances.

3. Defendant filed a Motion to Suppress all evidence obtained through the two search warrants that sought patient lists from Kent Sussex Counseling Services. Defendant argued that the Justice of the Peace Court issued the search warrants without following the procedures contained in 42 CFR § 2.65 and 16 *Del. C.* § 4798. Accordingly, Defendant argued that the searches were illegal. Furthermore, although Defendant did not advance written argument that the requests for PMP information from the Office of Controlled Substances exceeded the State's authority, the Defendant raised that issue at oral argument.

4. At oral argument, the State stipulated that it would not seek to use or introduce at trial any information obtained pursuant to the two search warrants. Consequently, both parties agreed that any issue regarding the legality of those search warrants is now moot.

5. Separately, Defendant argued that when the investigative agent obtained PMP

data from the Office of Controlled Substances, it did not provide a sufficiently detailed description of the purpose for the investigation. Defendant further argued that the forms created for purposes of this request contain a block that requires the requesting agent to "list and give a detailed description of each crime currently under investigation." Defendant claims that the description of the alleged crimes was not sufficiently detailed, and that as a result, the data recovered from PMP pursuant to these law enforcement requests should be suppressed.

6. State law provides restrictions regarding disclosure of this information. Relevant to the case at hand, such restrictions limit authorization of the Office of Controlled Substances to provide PMP data in the form of a report to

> [a] local, state, or federal law-enforcement or prosecutorial official engaged in the administration, investigation, or enforcement of the laws governing controlled substances and who is involved in a bona fide specific drug-related investigation in which a report of suspected criminal activity involving controlled substances by an identified suspect has been made, and provided that such information be relevant and material to such investigation, limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought, and include identifying information only if non-identifying information could not be used.[1]

7. The Defendant did not argue that the State failed to comply with the provisions of this statute when obtaining PMP information. Rather, the Defendant argues that the investigative agent failed to provide a sufficiently detailed description,

---

[1] 16 *Del. C.* § 4798(l)(2)d.

making the request insufficient.  In doing so, the Defendant relies on the language in the standardized form used to submit such requests to the Office of Controlled Substances.

8.  Here, the benchmark is in fact the statute itself. The statute requires a "report of suspected criminal activity involving controlled substances by an identified suspect."[2] It requires no greater level of detail.  The statute further requires that the information sought be relevant and material to the investigation while also being limited in scope.[3] The information provided to the Office of Controlled Substances by the investigative agent on the forms at issue comply with this requirement. Namely, the forms state that Michele Staats allegedly accessed PMP information, including that of Defendant, without authorization in an attempt to illegally write a controlled substance prescription under a doctor's name. Additionally, the information sought was material to the investigation and limited in scope in that it allowed the investigative agent to identify the people involved in the illegal activity. It was not too broad in scope in light of its intended purpose.

9.  Defendant cited no authority to support the argument that a form created by an agency to facilitate law enforcement requests for PMP information requires a level

---

[2] *Id.*

[3] *Id.*

of specificity greater than the requirements of the controlling statute. Moreover, in reviewing the language provided in the forms, the Court alternatively finds that the agent's identification of the criminal conduct being investigated was adequately detailed in each of the forms at issue.

10. An evidentiary hearing is not necessary since the only argument advanced by Defendant focused on whether the forms at issue included sufficient detail. Accordingly, since the requested information meets the requirements set forth in 16 *Del. C.* § 4798(l)(2)d, exclusion of evidence obtained by the requests at issue is not warranted.

WHEREFORE, Defendant's Motion to Suppress is MOOT in part, and otherwise DENIED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge